Ryan Ellis, Esq. (SBN: 272868)
Howard & Howard Attorneys PLLC
2049 Century Park East, Suite 330
Los Angeles, CA 90067
Telephone: (424) 303-7700
Facsimile:  (424) 274-3202
E-Mail Address:  re@h2law.com

*Attorneys for Advia Credit Union*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| ADVIA CREDIT UNION,<br><br>Petitioner,<br><br>v.<br><br>MCCUNE WRIGHT AREVALO, LLP, and BECKY PINKSTON-POLING,<br><br>Respondents.. | Case No.:  5:17-mc-00020<br><br>**PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS OR, ALTERNATIVELY, TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN** |

Petitioner Advia Credit Union ("Advia"), a Michigan state chartered credit union, is the named defendant in a putative class action lawsuit[1] pending in the United States District Court for the Western District of Michigan (the "Underlying Litigation").  Pursuant to Fed. R. Civ. P. 45, and for the reasons set forth in the accompanying Memorandum, Advia respectfully moves for entry of an order compelling Plaintiff's counsel in the Underlying Litigation, McCune Wright and Arevalo, LLP ("McCune Wright"), to produce documents in compliance with Advia Credit Union's Subpoena *Duces Tecum*.  Alternatively, Advia requests that this Court transfer this action to the Court in which the Underlying Litigation is pending.

---

[1] The lawsuit is pending in the United States District Court for the Western District of Michigan and is captioned *Becky Pinkston-Poling v. Advia Credit Union*, Case No. 1:15-cv-1208.

1

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR TRANSFER ACTION

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 2

II. BACKGROUND .................................................................................................. 3

    A. The Underlying Litigation ........................................................................ 3

    B. Plaintiff's counsel; McCune Wright ......................................................... 3

    C. McCune Wright refuses to allow Plaintiff or any other class member to provide information about its representation ............................................ 4

    D. The document subpoena to McCune Wright ............................................ 4

III. LEGAL STANDARD .......................................................................................... 4

IV. ARGUMENT ....................................................................................................... 5

    A. The Subpoena Requests That McCune Wright Produce Documents Necessary To Advia's Defense To Plaintiff's Class Certification Motion In The Underlying Litigation ......................................................................... 5

    B. Competency of Counsel:  Document Request Nos. 1 and 4 ..................... 6

    C. Conflicts of Interest: Document Request Nos. 2, 3, 5 and 8 .................... 7

    D. Past misconduct; Document Request Nos. 6 and 7 .................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................................ 8

*American Broadcasting Companies, Inc. v. Aereo, Inc.*,
   2013 WL 1508894 (N.D. Cal. 2013) ................................................................................... 5, 6

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ................................................................................................ 2

*Chambers v. NASA Fed. Credit Union*,
   222 F.Supp.3d 1 (D.D.C. 2016) .............................................................................................. 4

*Gunter v. United Federal Credit Union*,
   3:15-cv-00483-MMD-WGC (D. Nev.) .................................................................................. 4

*In re Disposable Contact Lens Antitrust Litigation*,
   2017 WL 3704822 (D.D.C., May 18, 2017) .......................................................................... 9

*In re Sheffield*,
   280 B.R. 719 (Bankr. S.D. Ala. 2001) ................................................................................... 7

*McCrary v. Elations Co.*,
   2014 U.S. Dist. LEXIS 8443 (C.D. Cal. Jan. 13, 2014) ......................................................... 8

*Moon Mountain Farms, LLC v. Rural Comm'y Ins. Co.*,
   301 F.R.D. 426 (N.D. Cal. 2014) ........................................................................................... 9

*Porter v. Nationscredit Consumer Discount Co.*,
   2004 WL 1753255 (E.D. Pa. July 8, 2004) ............................................................................ 7

*Radcliffe v. Experian Info.*,
   715 F.3d 1157 (9th Cir. 2013) ................................................................................................ 7

*Ramirez v. Baxter Credit Union*,
   2017 WL 1064991 (N.D. Cal. 2017) ...................................................................................... 4

*Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*,
   704 F.3d 489 (7th Cir. 2013) .................................................................................................. 8

*Rothman v. Gen. Nutrition Corp.*,
   2011 WL 6940490 (C.D. Cal. Nov. 17, 2011 ......................................................................... 7

*Rouse v. Caruso*,
   2013 WL 5775354 (E.D. Mich. 2013) ................................................................................... 6

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011) ............................................................................................... 5

*Tims v. LGE Community Credit Union*,
   2017 WL 5133230 (N.D. Ga. 2017) .................................................................................. 2, 4

*U.S. Dep't of the Treasury v. Pension Benefit Guaranty Corp.*,
  301 F.R.D. 20 (D.D.C. 2014) ................................................................................. 5

*Walter v. Palisades Collection, LLC*,
  2010 WL 308978 (E.D. Pa. Jan. 26, 2010) ........................................................... 8

*Whittington v. MobilOil Federal Credit Union*,
  16-cv-482 (E.D. Tex. September 14, 2017) .......................................................... 4

**STATUTES**
15 U.S.C. § 1693 ......................................................................................................... 2

**TREATISES**
Fed. R. Civ. P. 23 ....................................................................................................... 6

Fed. R. Civ. P. 26(b) .................................................................................................. 5

Fed. R. Civ. P. 26(b)(1) .............................................................................................. 4

Fed. R. Civ. P. 45 ....................................................................................................... 4

Fed. R. Civ. P. 45(d)(2)(B) ......................................................................................... 5

Fed. R. Civ. P. 45(d)(2)(B)(i) ..................................................................................... 5

Fed. R. Civ. P. 45(f) ................................................................................................... 9

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION.

This Motion seeks the production of essential evidence regarding the adequacy and suitability of Plaintiff and her lead counsel, McCune Wright Arevalo LLP, as class representative and prospective lead class counsel in the Underlying Litigation— which purports to be a $40 million putative-class action lawsuit. The Plaintiff in the Underlying Litigation alleges that Advia breached its member agreement by charging overdraft fees when her so-called "Ledger Balance" was positive, but her available balance was negative, and also that Advia failed to adequately disclose its overdraft policies as required under Regulation E of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. (the "EFTA"). Advia disputes Plaintiff's claims and is vigorously defending itself.

The Plaintiff in the Underlying Litigation must file her class certification motion on January 25, 2018. A class action may only be appropriate if four prerequisites are met, including that "*the representative parties will fairly and adequately protect the interests of the class*." Fed. R. Civ. P. 23(a). Whether the proposed class representative and her counsel are able to fairly and adequately represent the putative class "are critical requirements in federal class actions under Rule 23(a)(4) and (g)." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).

Advia's document subpoena requests documents from McCune Wright which are relevant to whether plaintiff and her counsel, McCune Wright, are able to fairly and adequately represent any putative class in the Underlying Litigation. McCune Wright may not be capable of adequately representing a putative class. For example, recently, the U.S. District Court for the Northern District of Georgia entered summary judgment and dismissed a similar lawsuit that the McCune Wright firm had filed. *See Tims v. LGE Community Credit Union*, 2017 WL 5133230, at *1 (N.D. Ga. 2017). Moreover, in the Underlying Litigation here, the McCune Wright firm has (1) attempted to file a federal cause of action under the EFTA, even though that claim is clearly barred under the one-year statute of limitations; (2) claimed alleged damages under the EFTA in the amount of $30 million, despite a statutory limit of $500,000; and (3) refused to reveal any

information about its representation of Plaintiff, her husband or any other members of the putative class.

Advia has made eight (8) narrowly-tailored document requests[2] specifically targeted at gathering evidence which is necessary for Advia's opposition to the Plaintiff's forthcoming class certification motion. McCune Wright has refused to produce any documents to Advia. This Court should compel McCune Wright to comply with Advia's subpoena production of documents, or, alternatively, transfer this matter to Western District of Michigan where the Underlying Action is pending.

## II. BACKGROUND.

### A. The Underlying Litigation.

In the Underlying Litigation, Plaintiff Becky Pinkston-Poling ("Plaintiff"), alleges that Advia (1) failed to adequately disclose its overdraft policy as required under the EFTA prior to charging Plaintiff overdraft fees; and (2) breached its standard member account agreement by charging Plaintiff overdraft fees when the her so-called account "ledger balance" was positive, but her available balance was negative. *See* Ex. A – First Amended Complaint. Plaintiff seeks to certify two classes of Advia members (a "Regulation E" class and a so-called "Positive Balance" class) and claims class damages in excess of $40 million. *See* Ex. B – Doc. No. 35 at Pg 28. Plaintiff's claims are meritless. The parties are currently engaged in pre-certification discovery in the Underlying Litigation. Plaintiff's class certification motion is due to be filed on or before January 25, 2018.

### B. Plaintiff's counsel, McCune Wright.

McCune Wright represents Plaintiff in the Underlying Litigation. McCune Wright has served as plaintiffs' counsel in numerous other identical putative class-action lawsuits filed throughout the United States. Courts have dismissed in whole or in part at least four of those cases on the pleadings for failures to state claims for alleged violations of the EFTA. *See*

---

[2] The information requested is presumably located in McCune Wright's own files and could be produced with little burden.

*Chambers v. NASA Fed. Credit Union*, 222 F.Supp.3d 1, 17 (D.D.C. 2016); *Tims v. LGE Community Credit Union*, 2017 WL 5133230, at *1 (N.D. Ga. 2017); *Whittington v. MobilOil Federal Credit Union*, 16-cv-482 (E.D. Tex. September 14, 2017); *Ramirez v. Baxter Credit Union*, 2017 WL 1064991 (N.D. Cal. 2017).  A motion to dismiss is pending in a fifth case.  *See Gunter v. United Federal Credit Union*, 3:15-cv-00483-MMD-WGC (D. Nev.).

      **C.**    **McCune Wright refuses to allow Plaintiff or any other class member to provide information about its representation.**

Anticipating Plaintiff's forthcoming class certification motion, Advia has requested that Plaintiff produce to Advia Plaintiff's retainer agreement with McCune Wright.  *See* Ex. C – Answers to Discovery Requests, at p.7.  McCune Wright has objected to that request and refused to allow Plaintiff to produce any documents.  *Id*.

At the deposition of Adam Poling, Plaintiff's husband and joint account owner, McCune Wright improperly instructed Mr. Poling to not provide any information about its representation of Mr. Poling or Plaintiff.

      **D.**    **The document subpoena to McCune Wright.**

On November 14, 2017, Advia served on McCune Wright a subpoena for production of documents (the "Subpoena").  *See* Ex. D – Subpoena.  The Subpoena requests that McCune Wright produce documents relevant to whether McCune Wright is qualified to serve as class counsel and whether it has any conflicts of interest which would disqualify it from serving as counsel for the putative class counsel in the Underlying Litigation.  On November 27, 2017, McCune Wright sent Advia improper boiler-plate objections to each and every document request and refused to produce any documents.  *See* Ex. E – Improper Objections.

**III.  LEGAL STANDARD.**

Fed. R. Civ. P. 45 authorizes court-issued subpoenas to obtain discovery from third parties. The Federal Rules of Civil Procedure provide that litigants may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and that is "proportional to the needs of the case…"  Fed. R. Civ. P. 26(b)(1).  The general policy favoring broad discovery is particularly applicable where, as here, the court reviewing a discovery

compliance matter "has less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation." *U.S. Dep't of the Treasury v. Pension Benefit Guaranty Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014)

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), a party receiving a subpoena to produce documents or tangible things may object to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Upon receiving objections, the serving party may then move the court for an order compelling production after noticing the commanded party. *See id.* The motion must be filed in "the court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(2)(B)(i).

"The individual or entity seeking relief from subpoena compliance bears the burden of demonstrating that a subpoena should be modified or quashed." *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 379 (D.D.C. 2011) (citations omitted). The quashing of a subpoena is an "extraordinary measure" and courts should be loath to grant such relief where "other protection of less absolute character is possible." *Pension Benefit Guaranty Corp.*, 301 F.R.D. at 25 (citations omitted).

## IV.     ARGUMENT.

### A.     The Subpoena Requests That McCune Wright Produce Documents Necessary To Advia's Defense To Plaintiff's Class Certification Motion In The Underlying Litigation.

The Court should order McCune Wright to produce documents that Advia has subpoenaed. In response to each of the eight document requests, McCune Wright repeats the same boiler-plate relevance objection: "Nonparty objects to this request as it seeks items that are not relevant to the claims in this case…" *See* Ex. E. But Advia's Subpoena does requests relevant documents.

The Subpoena is subject to the relevance requirements set forth in Fed. R. Civ. P. 26(b); *American Broadcasting Companies, Inc. v. Aereo, Inc.*, 2013 WL 1508894, at *1 (N.D. Cal. 2013)

> "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the

5
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR TRANSFER ACTION

party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 80 (N.D.Cal.2006). Moreover, Rule 26(b) allows the discovery of non-privileged material "relevant to the claim or defense of any party," and the "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. at 679–80. Relevancy, for the purposes of discovery, is defined broadly, although it is not without "ultimate and necessary boundaries." *Pacific Gas & Elec., Co. v. Lynch*, Case No. 01–3023 VRW, 2002 WL 32812098, at *1 (N.D.Cal. August 19, 2002) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

*American Broadcasting Companies, Inc.*, *supra*, at *3.

Rule 23 provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"[A] class action may not be certified unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a)…" *Rouse v. Caruso*, 2013 WL 5775354, at *8 (E.D. Mich. 2013) (citing *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 131 S. Ct. 2541, 2548, 180 L. Ed. 2d 374 (2011); *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)).

Factors relevant to the adequacy of a putative class include, for example, conflicts of interest with named parties or other putative class members, past misconduct by plaintiff's counsel, and competency of counsel. Each of Advia's document requests seek information from McCune Wright about whether it is an adequate representative of the putative class in the Underlying Litigation.

**B.    Competency of Counsel:  Document Request Nos. 1 and 4.**

Advia's Document Request No. 1 asks McCune Wright to provide copies of all class-action lawsuits that McCune Wright has filed alleging that a financial institution violated the EFTA by allegedly improperly assessing overdraft fees to a member of customer. *See* Ex. D. Request No. 4 asks for articles authored by McCune Wright pertaining to the EFTA, overdraft fees or consumer financial issues. *Id*.

It appears that McCune Wright's *modus operandi* is to file claims for violations of EFTA claims as a means to secure federal court jurisdiction of its cases. But courts have already dismissed in whole or in part four of those cases (of which Advia is aware), and is now considering a well-supported dispositive motion in a fifth case.

Filings that McCune Wright has made in other similar actions, as well as its scholarship on the subject of overdrafts, are directly relevant to McCune Wright's competency to serve as counsel for the putative class in the Underlying Litigation. *See, e.g.*, *Rothman v. Gen. Nutrition Corp.*, 2011 WL 6940490, at *7 (C.D. Cal. Nov. 17, 2011) (finding plaintiff's counsel inadequate where counsel ignored prevailing precedents). McCune Wright's objection should be overruled.

### C. Conflicts of Interest: Document Request Nos. 2, 3, 5 and 8.

Advia's Document Request Nos. 2, 3, 5 and 8 request documents relating to whether McCune Wright (or its putative damages expert) have conflicts of interest with Plaintiff or any other member of the class. Document Request No. 2 asks for copies of McCune Wright's retainer agreements with plaintiffs alleging violations of the EFTA. *See* Ex. D. These agreements are clearly relevant and discoverable. *See, i.e.*, *Radcliffe v. Experian Info.*, 715 F.3d 1157, 1164–65 (9th Cir. 2013) (finding that the incentive agreement between plaintiff and putative class counsel was not disclosed at the class certification stage "when it should have been and where it was plainly relevant" in determining adequacy and holding that both class counsel and named plaintiffs inadequate where fee agreement created conflict between the named plaintiffs, who would receive incentive awards, and absent class members, who would not); *Porter v. Nationscredit Consumer Discount Co.*, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004) (compelling plaintiff to produce documents concerning fee arrangements because "issues relating to the creation, maintenance, and management of class action suits are discoverable"); *In re Sheffield*, 280 B.R. 719, 722 (Bankr. S.D. Ala. 2001) (holding that defendant was entitled to fee agreements because they might reveal "potential conflicts or biases").

Document Request No. 3 asks McCune Wright to produce correspondence with an individual named Arthur Olsen – McCune Wright's purported damages expert in each class action lawsuit that McCune Wright has filed. *See* Ex. D.

Document Request No. 5 asks for correspondence sent to or received by McCune Wright from the Consumer Financial Protection Bureau ("CFPB"), the regulatory, rulemaking body responsible for enforcement under the EFTA. This is relevant because CFPB has expressed sympathy to Advia's position in these cases, and Advia has issued a deposition subpoena to the CFPB Director for testimony concerning public comments that are consistent with Advia's position in these cases.

Document Request No. 8 asks McCune Wright to produce documents evidencing any payment(s) made by McCune Wright to Adam Poling. Adam Poling is the husband of the named Plaintiff and a joint-account holder with his wife at Advia. *See* Ex. D.

The information requested in these requests is relevant to whether McCune Wright or its proposed damages expert Arthur Olson have any conflicts with the federal regulator, CFPB, Plaintiff, her husband or any other member of the putative class. *See*, *e.g.*, *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent."); *McCrary v. Elations Co.*, 2014 U.S. Dist. LEXIS 8443, at *36 (C.D. Cal. Jan. 13, 2014) ("The adequacy inquiry turns on . . . whether the named plaintiff and class counsel have any conflicts of interest with other class members[.]"). The Court should overrule McCune Wright's objections.

### D. Past misconduct: Document Request Nos. 6 and 7.

Advia's Document Request Nos. 6 and 7 request that McCune Wright produce documents concerning whether McCune Wright was sanctioned or disqualified as counsel in any putative class action lawsuit. Counsel's past misconduct can be a basis for non-certification of a class action. *See*, *e.g.*, *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 704 F.3d 489, 499 (7th Cir. 2013) ("'serious' or 'major' ethical violations—not prejudicial to the class—can require denial of class certification."); *Walter v. Palisades Collection, LLC*, 2010 WL 308978, at *10 (E.D. Pa. Jan. 26, 2010) ("Prior unethical conduct is a relevant consideration pursuant to certification under Rule 23(a)(4)."). The Court should overrule McCune Wright's objections.

1.     **Alternatively, This Court Should Transfer This Subpoena Dispute To The Western District Of Michigan**

The court in the Underlying Litigation is best suited to decide whether McCune Wright should produce documents requested by Advia.  Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  Thus, this Court may transfer the motion to quash (1) "if the person subject to the subpoena consents" or (2) if there are "exceptional circumstances." Fed. R. Civ. P. 45(f). "Such exceptional circumstances include situations in which transfer is 'warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion....'" *Moon Mountain Farms, LLC v. Rural Comm'y Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 45).

Ultimately, whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required.  *Id*.  Transfer is particularly warranted where ruling on the enforceability of the subpoena would require an assessment of the relevance of the documents requested to the claims being litigated in the underlying litigation. *In re Disposable Contact Lens Antitrust Litigation*, 2017 WL 3704822, at *7 (D.D.C., May 18, 2017).

The Subpoena requests documents which Advia requires in order to defend Plaintiff's forthcoming class certification motion and McCune Wright's attendant request to be appointed as lead class counsel.  Although McCune Wright is not a named party to the Underlying Litigation, its relationship to the Underlying Litigation is close given its asserted position as putative class counsel.  It is axiomatic then that the court deciding McCune Wright's request for appointment as class counsel should also decide whether the documents requested by Advia relating to adequacy of McCune Wright as class counsel should be produced (they should be produced).  Moreover, because McCune Wright filed the complaint in the Underlying Litigation, there will be no undue burden on McCune Wright in responding to Advia's motion to compel compliance in the Western District of Michigan, where the Underlying Litigation is pending.  To

be sure, both Advia and McCune Wright will bear a heavier burden if this Court, as opposed to the Western District of Michigan, undertakes resolution of this subpoena dispute. The factors weigh in favor of transferring this matter to the Western District of Michigan.

**RELIEF REQUESTED**

For all of the foregoing reasons, Advia respectfully requests that this Court order McCune Wright to comply with Advia's Subpoena, or, alternatively transfer this motion to the Western District of Michigan for decision.

Dated:  December 15, 2017

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ Ryan A. Ellis*
Ryan A. Ellis, Esq.
*Attorneys for Advia Credit Union*

4848-7045-5640, v. 3